**JI ZHANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

**No. 06–2528–ag.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Ji Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Ji Zhang, a native and citizen of the People's Republic of China, seeks review of a May 2006 order of the BIA affirming the December 16, 2004 decision of immigration judge ("IJ") Robert D. Weisel denying Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Ji Zhang*, No. A97 327 546 (B.I.A. May 11, 2006), *aff'g* A97 327 546 (Immig. Ct. N.Y. City Dec. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

*Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

▇ In this case, as both the BIA and IJ reasonably concluded, the claims alleged by Zhang were insufficient to be considered persecution or establish a well-founded fear of persecution. The IJ determined that, although Zhang testified credibly, he failed to present objective evidence supporting his claim that he would be forcibly sterilized in the future based on the fact that he live with his girlfriend illegally. The IJ noted that, while the 2004 Profile on China "includes an assessment based upon claims predicated on the coercive Family Planning Policy, nowhere in this report does it indicate that the goal of the officials or the government in [China] is to punish individuals who cohabited prior to marriage." The BIA and IJ's reliance on the State Department Profile on China was not in error. As this Court recognized in *Zamora v. INS*, a report from the State Department is "usually the best available source of information" on country conditions. 534 F.2d 1055, 1062 (2d Cir.1976) (Friendly, J.) ("The obvious source of information on general conditions in the foreign country is the Department of State which has diplomatic and consular representatives throughout the world."); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 310–13 (2d Cir.1999) (relying on State Department Profile as "substantial evidence . . . of the changed country conditions in El Salvador"). Although this Court has cautioned that "the immigration court should be careful not to place *excessive reliance* on published reports of the Department of State," *Tian–Yong Chen*, 359 F.3d at 130 (emphasis added), the weight to afford to such evidence "lie[s] largely" within the discretion of the IJ. *See Asociacion de Compositores y Editores de Musica LatinoAmericana v. Copyright Royalty Tribunal*, 854 F.2d 10, 13 (2d Cir.1988) ("[W]e must review a challenge to the Tribunal's evidentiary rulings with some deference, for the type of proof that will be acceptable and the weight it should receive lie largely in the discretion of the [Tribunal].") (internal quotation marks omitted). The IJ here did not treat the country report as if it were "binding," nor did he place "excessive reliance" on that report, *Tian–Yong Chen*, 359 F.3d at 130, particularly in light of the fact that Zhang proffered no evidence to contradict it. *Cf. Cao He Lin*, 428 F.3d at 402–04 (remanding to BIA because reliance on report produced by State Department was error, inasmuch as the IJ failed to " 'consider . . . any contrary or countervailing evidence' " provided by the applicant, and every other ground for the IJ's adverse credibility finding was erroneous) (internal quotation marks omitted). The IJ reasonably relied on the Country Profile and his determination, therefore, is supported by substantial evidence.

▇ Next, the IJ reasonably dismissed Zhang's claim that he should be eligible for asylum on the basis that his mother was forcibly sterilized. As a matter of law in this Circuit, children are not *per se* eligible for asylum based on their parents' forced abortions or sterilizations. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (*per curiam* ). With re-

spect to Zhang's claim that he was personally persecuted when he was arrested, detained and beaten, Zhang has waived this issue by failing to meaningly raise it in his petition. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

In sum, the IJ's denial of asylum, as supplemented by the BIA, is substantially supported by the record as a whole. Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

With respect to Zhang's CAT claim, the IJ concluded that Zhang had failed to show that it was more likely than not that he would be tortured if he were returned to China. Specifically, the IJ found that, assuming Zhang had been detained and beaten, Zhang moved in with a relative after his detention, lived there for approximately one year, and worked by selling milk. Zhang himself conceded as much. Thus, no evidence exists in the record tending to show that Zhang would be subject to torture upon his return, especially in light of his ability to live and work freely at his relative's house. The IJ's denial of Zhang's CAT claim is thus substantially supported by the record.

▮ In addition to appealing the IJ's decision, Zhang submitting additional evidence to be considered by the BIA in support of his claims. The BIA declined to reopen the proceedings in light of the fact that Zhang failed to prove why he could not have presented the evidence at an earlier date. Three pieces of evidence, the two identification cards and the Febru-

ary 15, 2004 notice regarding "punishment of premarital cohabiting relationship officially issued by the authorities of [Zhang's] hometown," were dated prior to the initiation of his immigration proceedings. Zhang offered no explanation as to why he did not produce such evidence during his immigration proceedings. The remainder of the evidence were letters from his father and one from his friend's father, both allegedly supporting Zhang's claims. However, both letters are dated after the commencement of Zhang's immigration proceedings, and Zhang does not clarify why he could not have obtained the letters beforehand. Therefore, the BIA did not abuse its discretion, *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (*per curiam* ), in not remanding Zhang's case to the immigration court on the basis that he failed to prove that his new evidence "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).